UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HAWK, | ) | CASE NO. 4:11CV196 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE. |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF | ) | **& ORDER** |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned on the application for an award of attorney and paralegal fees pursuant to the Equal Access to Justice Act ("EAJA") filed on behalf of Plaintiff, Brenda K. Hawk on October 23, 2012.  ECF Dkt. #27.  On November 6, 2012, Defendant Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), filed an opposition brief, asserting that Plaintiff's attorney fee request is excessive and the paralegal fee request is noncompensable and unsupported.  ECF Dkt. #30.  On November 23, 2012, Plaintiff filed a reply brief.  ECF Dkt. #33.  For the following reasons, the Court GRANTS Plaintiff's application for fees and AWARDS total fees in the amount of $2,176.38, which represents $882.80 in attorney fees and $1,293.58 in paralegal fees.  ECF Dkt. #27.

**I.    LAW AND ANALYSIS**

  **A.    EAJA**

On July 25, 2012, this Court reversed the judgment in favor of Defendant and remanded Plaintiff's case to the Administrative Law Judge ("ALJ").  ECF Dkt. #s 25, 26.  The EAJA

provides that a plaintiff shall be awarded attorney fees when she is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

### 1. PREVAILING PARTY

Defendant does not dispute that Plaintiff is a prevailing party.

### 2. SUBSTANTIALLY JUSTIFIED

Defendant does not contend that his position was substantially justified.

### 3. NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B. REASONABLENESS OF FEES AND COSTS

### 1. ATTORNEY FEES AND HOURLY RATE INCREASE

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161, 100 S.Ct. 2316, 110 L.Ed.2d 134. (1990). The EAJA permits an award only of reasonable attorney fees. *See* 28 U.S.C. §2412(d)(2)(A). Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security case ranges from 30 to 40. *Hayes v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420 (6th Cir.1990). Although the EAJA limits attorneys fees to the litigation process, 28 U.S.C. §2413(a)(1), this includes the EAJA application

process. *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id*., quoting 28 U.S.C. § 2412(d)(2)(A)(ii). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index ("CPI") as to the cost of living are left to the sound discretion of the district court. *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)(citations omitted).

In this case, Plaintiff's counsel requests attorney fees for 3.3 hours at an hourly rate of $175.00 for legal work performed in 2011, and 1.7 hours at a rate of $179.59 per hour for legal work performed in 2012. ECF Dkt. #27-5 at 536, 538. Plaintiff's counsel also requests paralegal fees for 11.5 hours of work in 2011 at an hourly rate of $87.50 per hour and for 3.2 hours of paralegal work performed in 2012 at an hourly rate of $89.79. ECF Dkt. #27-7 at 540.

Defendant does not challenge the number of attorney or paralegal hours spent on the case, but challenges the attorney hourly rates as excessive and contends that no fees should be awarded for services performed by the paralegal. ECF Dkt. #30.

The EAJA provides a presumptive statutory cap of $125.00 per hour on the hourly billing rates that a claimant may recover for attorney fees "unless the court determines that an increase

in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A prevailing party who requests an increase above the statutory cap "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Thus, plaintiff "must produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*, quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ). It is within the court's discretion to award EAJA fees at a rate greater than $125.00 per hour. *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir.1992).

In this case, Plaintiff's counsel requests that the Court award a higher hourly rate for attorney fees for the years of 2011 and 2012 for three reasons: (1) the cost of living has increased since the $125.00 per hour cap was imposed under the EAJA amendment of 1996; (2) the prevailing hourly rate that Plaintiff's counsel requests is much less than the prevailing hourly rate of attorney fees charged by other attorneys in Cleveland; and (3) Plaintiff's counsel herself charges more than the hourly rate that she is requesting when she submits fee petitions to the Social Security Administration. ECF Dkt. #27 at 527-528. As evidence in support of her requested increase in the hourly rate, Plaintiff's counsel submits itemized statements of the number of hours spent by counsel and a paralegal on the instant case, a survey by the Ohio State Bar Association entitled *The Economics of Law Practice in Ohio*, Desktop Reference for 2010, and an affidavit from Attorney Louise Mosher, who attests to her history and experience representing social security claimants and states the value of her current hourly rate as $350.00. ECF Dkt. #27-3; ECF

Dkt. #29.

Both United States Magistrate Judges and District Court Judges in this District have disagreed about the quantity of evidence that must be shown in order to justify an increase in attorney fees above the statutory cap for attorney fees of $125.00 per hour. *See De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429 (N.D. Ohio Jan. 3, 2013)(evidence consisting of counsels' resumes, national Consumer Price Index ("CPI") for legal services and *The Survey of Law Office Economics*, 2011 Edition, insufficient to warrant increase in hourly rate); *but see Cogar v. Astrue*, No. 5:11CV1585 (N.D. Ohio Nov. 13, 2012)(Midwest Urban CPI and *The Economics of Law Practice in Ohio* sufficient evidence to warrant increase in hourly rate); *see also Rodriguez v. Comm'r of Soc. Sec.,* No. 3:11CV398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012)(sufficient evidence presented to warrant increase in hourly rate where motion for attorney fees included counsels' resumes, the CPI, *The Economics of Law Practice in Ohio*, Desktop Reference for 2010, and The National Law Journal and ALM Legal Intelligence report entitled *The Survey of Law Office Economics*, 2011 Edition); *Vasquez v. Astrue*, No. 3:11CV177, 2012 WL 3637676, at *3 (N.D. Ohio Aug. 22, 2012)(increase in statutory hourly rate warranted based upon evidence submitted of *The Survey of Law Economics*, 2011 Edition and the CPI); *see also Jaworski v. Astrue*, No. 1:10CV2936, 2012 WL 355263, at *3 (N.D. Ohio Aug. 16, 2012)(attorney rate of $176.95 per hour reasonable and appropriate based upon evidence provided of *The Survey of Law Office Economics*, 2011 Edition and *The Economics of Law Practice in Ohio*, Desktop Reference for 2010).

The undersigned has previously addressed this same issue in *Newsome v. Astrue* when counsel in the instant case requested an increase in the hourly rate for attorney fees for work performed in that case. ECF Dkt. #s 25, 27 in Case Number 1:11CV2073. This Court found that

an increase in the statutory cap of $125.00 per hour was not warranted in *Newsome* because the evidence counsel provided was insufficient to justify such an increase. ECF Dkt. #27. The Court found that the United States Consumer Law Attorney Fee Survey Report, 2010-2011 referred to by counsel, and *The Economics of Law Practice in Ohio* - Desk Reference for 2010 provided by counsel in that case were not specific to social security law and thus did not justify an increase in the hourly rate beyond the statutory cap. A review of the docket in that case also shows that plaintiff's counsel submitted the affidavit of Attorney Louise Mosher, who attested to her experience in federal court and in social security cases and stated the value of her hourly rate in this area, a rate that was substantially higher than the statutory cap of $125.00 per hour. ECF Dkt. #25-4 in Case Number 1:11CV2073.

The undersigned still holds that the CPI, the United States Consumer Law Attorney Fee Survey Report from 2010-2011, and *The Economics of Law Practice in Ohio* - Desk Reference for 2010 are insufficient to warrant an increase in the EAJA statutory capped hourly rate. However, upon reconsideration, and in light of the holdings by colleagues in this District, this Court finds that the hourly rate increases requested by counsel for 2011 and 2012 in this case are justified. The affidavits provided from counsel indicating their experience in the field, as well as their itemized statements of work performed, their calculations of the hourly rate increases for 2011 and 2012 based upon the CPI, the Ohio State Bar Association's survey of *The Economics of Law Practice in Ohio* - Desk Reference for 2010 and the affidavit of another experienced attorney in the practice of social security law as to her hourly rate, constitute "satisfactory evidence—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450, quoting *Blum*, 465 U.S. at 895 n. 11.

Accordingly, the undersigned finds that the 3.3 hours requested by Plaintiff for attorney fees at the hourly rate of $175.00 per hour for legal work performed in 2011 (3.3 X $175.00 = $577.50) and the request for attorney fees at the hourly rate of $179.59 per hour for 1.7 hours of legal work performed in 2012 (.8 and .9 hours X $179.59 = $305.30) are reasonable. Consequently, the Court GRANTS Plaintiff's motion for attorney fees and awards attorney fees in the amount of $882.80.

**2**.     **PARALEGAL FEES**

In addition to attorney fees, Plaintiff also requests in her EAJA application that the Court award fees for services performed by her counsel's paralegal in 2011 and 2012. ECF Dkt. #27-7. The paralegal fees requested are for 11.5 hours of work performed in 2011 at an hourly rate of $87.50 and 3.2 hours at an hourly rate of $89.79 for work performed in 2012. *Id*. Defendant opposes the award of any paralegal fees, arguing that the work performed is not compensable because it is part of the overhead costs of a law firm. ECF Dkt. #30 at 640. Defendant also contends that Plaintiff has failed to explain how the hourly rate for the paralegal's services was determined. *Id*.

It is true that purely clerical or secretarial tasks that require no legal skill or training are considered overhead costs and should not be billed as attorney or paralegal time. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 2472, fn. 10, 105 L.Ed.2d 229 (1989), However, work performed by non-attorneys such as paralegals or law clerks may be compensable under the EAJA if the work is "sufficiently complex" or work "traditionally performed by attorneys." *Snyder v. Comm'r of Soc. Sec.*, No. 1:06CV2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011), unpublished, quoting *People who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1315 (7th Cir.1996); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir.1988), *aff'd on other grounds*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). It is counterproductive to exclude compensation for

paralegal or law clerk work because it may encourage attorneys to handle entire cases themselves and achieve the same result, but at the higher hourly rate for attorneys. *Id.; see Berman v. Schweiker*,531 F.Supp. 1149, 1154–55 (N.D.Ill.1982), *aff'd*, 713 F.2d 1290 (7th Cir.1983).

In his itemized statement for the instant case, Paralegal Zachary Sunderman described the work that he performed, which included preparing a poverty affidavit, drafting the procedural and factual history for the brief, and conducting legal research. ECF Dkt. #27-7 at 540. He also drafted the legal arguments, performed the final edit of the merits brief, and drafted the reply brief. *Id.* Clearly, this constitutes the work traditionally performed by attorneys. Consequently, the Court rejects Defendant's argument and finds that Mr. Sunderman's paralegal fees are compensable under the EAJA.

The question therefore becomes the hourly rate at which Mr. Sunderman should be compensated. In her reply brief, Plaintiff submits that the rates requested for Mr. Sunderman's hourly rates are one half of attorney hourly rates and are in line, and, in fact, actually less than prevailing market rates for paralegals. ECF Dkt. #33 at 670-671. In support, Plaintiff submits The National Association of Legal Assistants publication of a survey of legal assistant billing rates in 2010. *Id.* at 671, citing http:www/nala.org/survey/aspx, [http://www.nala.org/Upload/file/PDF-Files/10SEC3.pdf.](http://www.nala.org/Upload/file/PDF-Files/10SEC3.pdf.) Plaintiff submits that the report shows that the billing rates for legal assistants/paralegals for Region 2, which includes Ohio, were $95.00 in 2004, $101.00 in 2008, and $111.00 in 2010. ECF Dkt. #33 at 671, citing [http://www.nala.org/Upload/file/PDF-Files/10SEC3.pdf,](http://www.nala.org/Upload/file/PDF-Files/10SEC3.pdf,) pp. 3-4.

The Court finds that the report submitted by Plaintiff in support of Mr. Sunderman's hourly rates for paralegal services sufficiently supports her request. Accordingly, the Court GRANTS Plaintiff's request for paralegal fees in the total amount of $1,293.58 which represents 11.5 hours

-8-

at $87.50 per hour for work performed in 2011 and 3.2 hours of work performed at a rate of $89.79 per hour.  ECF Dkt. #27-7 at 540.

## II.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's application for the award of attorney fees and paralegal fees pursuant to the EAJA and AWARDS Plaintiff the total amount of $2,176.38, which represents $882.80 in attorney fees and $1,293.58 for paralegal fees.  ECF Dkt. #27.

The Court notes that Defendant has previously challenged the payment of EAJA attorney fees directly to counsel in some cases pursuant to *Astrue v. Ratliff*, ---U.S.---,  130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010) and has agreed to direct payment of these fees in other cases.  In this case, the Court ORDERS Defendant to follow the same procedure that he has followed in other cases, which is to determine whether Plaintiff owes a preexisting debt and offset that debt within 30 days from the date of the Court's Order and thereafter directly pay to Plaintiff's attorney the balance to be credited toward attorney fees.

IT IS SO ORDERED.

Date: January 10, 2013                             */s/George J. Limbert*
                                                            GEORGE J. LIMBERT
                                                            UNITED STATES MAGISTRATE JUDGE